# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 13-103-SDD-SCR |
| MONA HILL | |

## RULING

This matter is before the Court on the *Motion to Split Sentence Pursuant to 18 U.S.C. 3651*[1] filed by Defendant Mona Hill ("Defendant"). The United States has filed an *Opposition*[2] to this motion. Because Defendant's request is both untimely[3] and not supported by the law or the facts of this case, her motion shall be denied.

The Defendant was sentenced to a term of 65 months[4] imprisonment on February 12, 2014, after she pled guilty to a Bill of Information charging her with wire fraud and aggravated identity theft.[5] The Court analyzed the 18 U.S.C. § 3553 factors in imposing sentence, and the Defendant's mental health and family circumstances were taken into consideration at that time. The Defendant did not appeal her conviction or sentence and has not filed any 28 U.S.C. § 2255 motions.

Defendant's current *pro se* motion cites to 18 U.S.C. § 3651 and asks the Court to hold this motion "in abeyance" until February 18, 2016, and to modify her sentence

---

[1] Rec. Doc. No. 32.
[2] Rec. Doc. No. 36.
[3] The Court agrees with the Government that, to the extent this motion is for reconsideration of Defendant's sentence and/or a motion under Rule 35(a) of the Federal Rules of Criminal Procedure, either motion is untimely as a matter of law. *See United States v. Vidal-Morales*, 115 F. App'x 714 (5 th Cir. 2004).
[4] Defendant was sentenced to 41 months on Counts One and Two and 24 months on Count Three, consecutive to the first two counts.
[5] Rec. Doc. No. 30.

Document Number: 29183

such that seventeen months of the Defendant's remaining sentence can be served on home confinement.

While 18 U.S.C. § 3582 provides certain circumstances under which the Court may modify a term of imprisonment after sentence has been imposed, the Defendant has failed to show that any of those circumstances are present in this case. There is likewise no suggestion by the Defendant that her medical needs cannot or have not been met by the Bureau of Prisons. Moreover, Defendant's reliance on *United States v. Ramsey*[6] is misplaced as the procedural posture and facts of *Ramsey* are wholly distinct from the present case, and *Ramsey* does not mandate a split sentence for this Defendant.

Accordingly, Defendant's *Motion to Split Sentence Pursuant to 18 U.S.C. 3651*[7] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana the 29 day of October, 2015.

_____
SHELLY D. DICK, DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[6] 2013 U.S. Dist. LEXIS 178869 (E.D. Tex. Dec. 2, 2013).
[7] Rec. Doc. No. 32.
Document Number: 29183